# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:01-cr-172-ALB-SRW-1 |
| | ) | |
| JOSEPH KENNEDY | ) | |

## OPINION AND ORDER

Now pending before the court is Defendant Joseph Kennedy's motion for sentencing credit for his time spent on an ankle monitor before trial (Doc. 461). The United States has responded (Doc. 463).

The Court will construe Defendant's motion as a petition for relief under 28 U.S.C. § 2241. Defendant requests that he be given time-served credit for wearing an ankle monitor for 11 months and 21 days while he was waiting for trial. A federal prisoner's challenge to the execution or administration of his sentence is properly filed under 28 U.S.C. § 2241. *See, e.g., Jake v. Herschberger*, 173 F.3d 1059, 1063 (7th Cir. 1999) (defendant "filed the present petition for habeas corpus under 28 U.S.C. § 2241 seeking credit for his time served in state prison. This is the appropriate remedy for one in [defendant's] situation."); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) ("[C]hallenges to the computation of a sentence must be brought under 28 U.S.C. § 2241.").

There are at least two reasons the Court cannot grant this motion.

First, the Bureau of Prisons is charged with calculating time-served credit. "The Attorney General has the authority to [determine credit for time served], and he has delegated the right to make the determination to the Bureau of Prisons." *United States v. Lopez*, 898 F.2d 1554, 1555–56 (11th Cir. 1990). A prisoner who believes his time-served credit has been miscalculated should follow applicable procedures to file a complaint with the Bureau. *See* 28 C.F.R. § 542.10(a).

Second, a petition under Section 2241 must be filed in the federal district where the prisoner is being confined. *See Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated").

The Court also notes, for Defendant's benefit, that his request for sentencing credit is not supported by applicable law. The statute provides a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b). "[P]re-trial home confinement does not constitute official detention within the meaning of § 3585(b)." *United States v. Anderson*, 517 F. App'x 772, 776 (11th Cir. 2013). *See also Rodriguez v. Lamer*, 60 F.3d 745, 748 (11th Cir. 1995) ("The time [the defendant] spent under restrictive pre-trial release conditions does not constitute 'official detention' within the meaning of 18 U.S.C. § 3585(b) and he is not entitled to sentencing credit.").

Accordingly, Defendant's motion (Doc. 461) is **DENIED**.

**DONE** and **ORDERED** this 21st day of October 2019.

                                           /s/ Andrew L. Brasher
                                ANDREW L. BRASHER
                                UNITED STATES DISTRICT JUDGE